IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES PETERSON,

    Plaintiff,                    No. 2:09-cv-3267 JAM CKD P

    vs.

GORE,

    Defendant.                 NOTICE

_____/

        Pursuant to the Ninth Circuit's decision in <u>Woods v. Carey</u>, 684 F.3d 934 (9th Cir. 2012), the court hereby reminds plaintiff of the following requirements for opposing the motion for summary judgment filed by defendant on April 26, 2013.[1]  (Dkt. No. 56.)

**<u>Rand Notice to Plaintiff</u>**

        This notice is provided to ensure that you, a pro se prisoner plaintiff, "have fair, timely and adequate notice of what is required" to oppose a motion for summary judgment.  See <u>Rand v. Rowland</u>, 154 F.3d 952, 957 (9th Cir. 1998).  The court requires that you be provided with this notice regarding the requirements for opposing a motion for summary judgment under

---

[1] Plaintiff was advised of these requirements on July 20, 2010 (Dkt. No. 17), and defendant has also included a version of <u>Rand</u> notice with his motion for summary judgment (Dkt. No. 57.)

1

Rule 56 of the Federal Rules of Civil Procedure.

When a defendant moves for summary judgment, the defendant is requesting that the court grant judgment in defendant's favor without a trial. If there is no real dispute about any fact that would affect the result of your case, the defendant who asked for summary judgment is entitled to judgment as a matter of law, which will end your case against that defendant. A motion for summary judgment will set forth the facts that the defendant asserts are not reasonably subject to dispute and that entitle the defendant to judgment.

To oppose a motion for summary judgment, you must show proof of your claims. To do this, you may refer to specific statements made in your complaint if you signed your complaint under penalty of perjury and if your complaint shows that you have personal knowledge of the matters stated. You may also submit declarations setting forth the facts that you believe prove your claims, as long as the person who signs the declaration has personal knowledge of the facts stated. You may also submit all or part of deposition transcripts, answers to interrogatories, admissions, and other authenticated documents. For each of the facts listed in the defendant's Statement of Undisputed Facts, you must admit the facts that are undisputed, and deny the facts that are disputed. If you deny a fact, you must cite to the proof that you rely on to support your denial. See L.R. 260(b). If you fail to contradict the defendant's evidence with your own evidence, the court may accept the defendant's evidence as the truth and grant the motion.

The court will consider a request to postpone consideration of the defendant's motion if you submit a declaration showing that for a specific reason you cannot present such facts in your opposition. If you do not respond to the motion, the court may consider your failure to act as a waiver of your opposition. See L.R. 230(l).

/////

/////

/////

1    If the court grants the defendant's motion, whether opposed or unopposed, judgment will be entered for that defendant without a trial and the case will be closed as to that defendant.

Dated: April 29, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
pete3267.not.sj